## JAMES BEAU *v.* H. A. DREW.

Where an attorney entrusted with notes for collection, becoming unable to attend to it himself, placed them in the hands of another lawyer at the same bar, who instead of prosecuting the suit on the notes to judgment against the maker and his sureties, received from the maker other notes in the place of these, on which suit was instituted and judgment recovered in the name of the plaintiff, on which judgment the *plaintiff received nearly the whole amount of the notes originally entrusted—Held:* That these proceedings constitute a ratification of the acts of the sub-agent, and the attorney originally employed is not liable.

APPEAL from the District Court of the Parish of Claiborne, *Egan,* J.
J. D. *Walkins,* for plaintiff and appellant. H. *Gray,* for defendant.

ᴌ LAND, J. The plaintiff placed in the hands of the defendant, an attorney-at-

BEAU
v.
DREW

law, two promissory notes, each for the sum of $785, and bearing interest, for collection.

The defendant was soon afterwards elected Judge of the District Court, and thereby became incompetent to act any longer for the plaintiff; and he placed the notes for collection in the hands of *Nelson S. Scott*, who was at the time a practicing attorney-at-law, in the same judicial district.

The attorney employed by the defendant, instead of prosecuting suit on the notes to judgment, against the maker and his sureties, agreed to receive, and did receive from the maker, other notes in the place of them; and on the notes thus received suit was instituted, and judgment recovered in the name of the plaintiff, for more than the amount of the notes placed in the hands of defendant for collection. And on the judgment thus rendered in his name, the *plaintiff has received nearly the whole amount of the notes entrusted to defendant*.

Under these circumstances, which constitute a ratification of the acts of *Scott*, the defendant is not liable.

The facts above stated sufficiently appear, independently of the testimony of *Scott*, and it is, therefore, unnecessary to pass upon the plaintiff's bill of exception to the introduction of his evidence.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.